UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IN RE HURRICANE SANDY CASES                    14 MC 41

---

MARINE PARK SEASIDE LINKS, LLC,                **COMPLAINT**
                                               Docket No.: 14-CV-6327
        Plaintiff,

-against-

HDI-GERLING AMERICA INSURANCE COMPANY,
ENGLE MARTIN & ASSOCIATES, INC. and
NORTH AMERICAN RISKS SERVICES, INC.,

        Defendant.

---

MARINE PARK SEASIDE LINKS, LLC (hereinafter referred to as "Plaintiff") by and through their attorneys, ANCONA ASSOCIATES, complaining of HDI-GERLING AMERICA INSURANCE COMPANY (hereinafter referred to as "Defendant HDI") and NORTH AMERICAN RISKS SERVICES, INC. (hereinafter referred to as "Defendant NARS"), ENGLE MARTIN AND ASSOCIATES, INC. (hereinafter collectively referred to as "Defendant EMA") (hereinafter collectively referred to as "Defendants") respectfully alleges upon information and belief:

## PARTIES

1. That at all times herein mentioned and at all times relevant to this action, Plaintiff is and continues to be a Limited Liability Company lawfully doing business as a Golf Course bordering Jamaica Bay in the State of New York, located at 2880 Flatbush Avenue, Brooklyn New York (hereinafter referred to as the "Golf Course").

2. Upon information and belief and at all times relevant to this action, Defendant HDI was and continues to be a private insurance company duly organized and existing under and by virtue of the State Laws of Illinois with its principal place of business located at 161 North Clark Street, 48th Floor Chicago, IL 60601.

3. Upon information and belief and at all times relevant to this action, Defendant NARS was and continues to be a private third party claims administrator duly organized and existing under and by virtue of the State Laws of Florida with its principal place of business located at PO Box 166002, Altamonte Springs, Florida 32716-6002.

4. Upon information and belief and at all times relevant to this action, Defendant EMA was and continues to be a private third party claims administrator duly organized and existing under and by virtue of the State Laws of Rhode Island with its principal place of business located at 220 West Exchange Street, Suite 106, Providence, Rhode Island 02903.

5. Upon information and belief and at all times relevant to this action, Defendant HDI is a commercial liability insurance carrier. Defendant HDI was and is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the Policies.

6. Upon information and belief and at all times relevant to this action, Defendant NARS is a third party claims administrator contracted by Defendant HDI for the purposes of arranging the adjustment, settlement, payment, and defense of the claim made by Plaintiff relating to Claim Number GCHD13010004 and more specifically to the claim related to the damage incurred due to Super Storm/Hurricane Sandy.

7. Upon information and belief and at all times relevant to this action, Defendant EMA is a third party claims administrator contracted by Defendant HDI for the purposes of

arranging the adjustment, settlement, payment, and defense of the claim made by Plaintiff relating to Claim Number GCHD13010004 and more specifically to the claim related to the damage incurred due to Super Storm/Hurricane Sandy.

## JURISDICTION

8. The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that Plaintiff and Defendants are citizens of different states, the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and the matter presents a case of actual controversy between the parties.

## VENUE

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Golf Course is located and where a substantial part of the events at issue took place.

## JURY DEMAND

10. Plaintiff demands a jury by trial.

## STATEMENT OF FACTS

11. Plaintiff is the operator of a full service golf course, driving range, restaurant, caterer and retail store located in Brooklyn New York.

12. Plaintiff HDI issued a commercial property insurance policy to Plaintiff identified as Policy Number GK03X000058-00, effective April 10, 2012 through April 10, 2013.

13. The policy is an all-risk insurance policy.

14. On or about October 29, 2012, Super Storm/Hurricane Sandy caused extensive catastrophic damage in Brooklyn generally, including Plaintiff's property. On the day of the storm, the high wind speeds in Brooklyn were documented in excess of 90 mph. The

excessive winds and magnitude of the storm caused Jamaica Bay to surge and breach the Golf Course's property, causing significant damage.

15. Due to the physical damage to the Golf Course and all structures, Plaintiff was forced to suspend all operations of the business in its entirety for the first seven days after the storm and then modify all operations indefinitely causing a significant loss in revenue and an accumulation of significant costs.

16. Plaintiff promptly notified Defendant HDI of the damage to the property, related loss of business and accumulation of expenses.

17. Defendant HDI contracted Defendant NARS and Defendant EMA to manage/adjust the claim as third party administrators of the policy.

18. Plaintiff submitted voluminous invoices, receipts, accountings, pictures, proof of out of pocket expenses, etc. to all Defendants to verify the claim and proof of loss.

19. Plaintiff calculated that their loss of Business Income was approximately $278,798.00, which was supported by voluminous invoices, receipts, accountings, including tax returns, pictures, proof of out of pocket expenses, etc.

20. Plaintiff calculated that their Extra Expenses was approximately $266,205.00, which was supported by voluminous invoices, receipts, accountings, including tax returns, pictures, proof of out of pocket expenses, etc.

21. Plaintiff calculated that their Structural Damage to the club house, signs, pump room and maintenance room was approximately $239,498.08, which was supported by voluminous invoices, receipts, accountings, including tax returns, pictures, proof of out of pocket expenses, etc.

22. Plaintiff calculated that their Food Spoilage was approximately $27,190.00, which was supported by voluminous invoices, receipts, accountings, including tax returns, pictures, proof of out of pocket expenses, etc.

23. Plaintiff calculated that their Equipment Breakdown including golf carts was approximately $16,153.16, which was supported by voluminous invoices, receipts, accountings, including tax returns, pictures, proof of out of pocket expenses, etc.

24. Plaintiff calculated that the damage to Out Door Property, which is considerable for a golf course was approximately $700,000.00, which is supported by invoices, receipts, accountings, including tax returns, pictures, proof of out of pocket expenses, etc.

25. Plaintiff's entire proof of loss is approximately $1,527,844.20.

26. Defendants' adjusters, engineers and other experts have conducted four (4) on site inspections of the property over the course of two years.

27. Defendants have further procrastinated and stalled the adjustment of this claim by repeatedly requiring the same submissions over and over.

28. After evaluating Plaintiff's voluminous invoices, accountings, pictures, proof of out of pocket expenses, etc. and four (4) on site inspections of the property, Defendants have offered a fraction of what the Plaintiff has proven to be the actual verified loss.

29. Defendant HDI has yet to issue any payment whatsoever to Plaintiff.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

30. Plaintiff repeats and realleges each of the allegations set forth in Paragraphs "1" through "29," as if fully set forth at length herein.

31. Pursuant to the Policy, Defendants have a duty to investigate and pay Plaintiff's policy benefits for claims made for direct physical loss by wind, rain or from flood to the property.

32. Plaintiff fully performed under the contract by paying all premiums when due and cooperating with Defendants regarding their claim.

33. Plaintiff complied with all conditions precedent to their recovery herein, including appropriate and adequate demands, and/or Defendant waived or excused such conditions precedent.

34. By its acts, omissions, failures, and conduct, Defendants have breached the contract by denying Plaintiff's claim or inadequately adjusting and making an offer on Plaintiff's claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for these denials.

35. By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiff for their covered losses, Defendants are liable to and owes Plaintiff for the actual damages they sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with interest and all damages Plaintiffs may prove as allowed by law.

## SECOND CAUSE OF ACTION: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

36. Plaintiff repeats and realleges each of the allegations set forth in Paragraphs "1" through "35," as if fully set forth at length herein.

37. Plaintiff reasonably expected to be paid by Defendants in connection with its claim in a timely fashion pursuant to the terms of the policy.

38. The Policy is a contractual agreement which contains an implied covenant of good faith and fair dealing requiring Defendants to deal honestly and in good faith with Plaintiff.

39. Defendants breached their duty of good faith and fair dealing owed to Plaintiff under the policy by acting in its own self interest and with reckless indifference to the rights of its insured, including by not limited to:

    a. Requiring Plaintiff to re-submit the same documentation over and over again.
    b. Conducting four (4) time consuming and wasteful inspections of the property.
    c. Lumping most of the claim which should have been categorized under Business Income and/or Extra Expense or other provisions of the policy into the Outdoor Property category to take advantage of the lower of the policy limits.
    d. Offering less than 10% of the claim for Business Income and Extra Expenses and other provisions of the policy, despite these claims being well documented and verified by voluminous invoices, accountings, pictures, proof of out of pocket expenses, etc. and four (4) on site inspections of the property.
    e. Deliberately misinterpreting the policy.
    f. Intentionally misleading Plaintiff throughout the entire process.
    g. Offering far less than the actual value of the claim knowing that Plaintiff would be forced to bring this suit to obtain the coverage to which it is legally entitled while incurring great expense in legal and expert fess and costs.

40. Defendants conduct is designed to mislead and/or deceive Plaintiff and was not prompted by negligence or an honest mistake as to Defendants' rights and obligations under the policy.

41. As a result of Defendants' bad faith, Plaintiff has sustained damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant, in the sum of an amount to be determined at trial but not in excess of the subject matter jurisdiction of this Court, on the Cause of Action set forth in this Complaint, together with costs, interests, attorney's fees, and such other relief as the Court deems just and proper.

Dated: October 28, 2014
      Mineola, New York

Respectfully submitted,

Dustin A. Levine, Esq.
ANCONA ASSOCIATES
220 Old Country Road
Mineola, New York 11501
(516) 739-1803
*Attorneys for Plaintiff*
MARINE PARK SEASIDE LINKS, LLC

To:   HDI-GERLING AMERICA INSURANCE COMPANY
      161 North Clark Street, 48th Floor
      Chicago, IL 60601

      ENGLE MARTIN & ASSOCIATES, INC.
      220 West Exchange Street, Suite 106
      Providence, Rhode Island 02903

      NORTH AMERICAN RISKS SERVICES, INC.
      PO Box 166002
      Altamonte Springs, Florida 32716-6002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No.: 14-CV-6327

---

MARINE PARK SEASIDE LINKS, LLC,

Plaintiffs,

-against-

HDI-GERLING AMERICA INSURANCE COMPANY,
ENGLE MARTIN & ASSOCIATES, INC. and
NORTH AMERICAN RISKS SERVICES, INC.,,

Defendants.

---

SUMMONS AND COMPLAINT

---

ANCONA ASSOCIATES
*Attorneys for Plaintiffs*
MARINE PARK SEASIDE LINKS, LLC
220 Old Country Road
Mineola, New York 11501
Phone: (516) 739-1803
Fax: (516) 739-1553

---

To:   HDI-GERLING AMERICA INSURANCE COMPANY
    161 North Clark Street, 48th Floor
    Chicago, IL 60601

    ENGLE MARTIN & ASSOCIATES, INC.
    220 West Exchange Street, Suite 106
    Providence, Rhode Island 02903

    NORTH AMERICAN RISKS SERVICES, INC.
    PO Box 166002
    Altamonte Springs, Florida 32716-6002